1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10

11   M.B.,                              Case No. 2:19-cv-03256-SHK
12                        Plaintiff,
13              v.                       OPINION AND ORDER
14   ANDREW M. SAUL, Commissioner of
15   Social Security,
16                        Defendant.
17

18        Plaintiff M.B.[1] ("Plaintiff") seeks judicial review of the final decision of the

19   Commissioner of the Social Security Administration ("Commissioner,"

20   "Agency," or "Defendant") denying his application for supplemental security

21   income ("SSI"), under Title XVI of the Social Security Act (the "Act"). This

22   Court has jurisdiction under 42 U.S.C. § 1383(c)(3), and, pursuant to 28 U.S.C.

23   § 636(c), the parties have consented to the jurisdiction of the undersigned United

24   States Magistrate Judge. For the reasons stated below, the Commissioner's

25   decision is REVERSED and this action is REMANDED for further proceedings

26   consistent with this Order.

27   _____
28   [1] The Court substitutes Plaintiff's initials for Plaintiff's name to protect Plaintiff's privacy with
     respect to Plaintiff's medical records discussed in this Opinion and Order.

## I.    BACKGROUND

Plaintiff filed an application for SSI on January 31, 2015, alleging disability beginning on December 7, 2004.[2]  Tr. 265-76.[3]  Following a denial of benefits, Plaintiff requested a hearing before an administrative law judge ("ALJ") and, on March 28, 2018, ALJ Selena D. Bowman-Davis determined that Plaintiff was not disabled.  Tr. 27-39.  Plaintiff sought review of the ALJ's decision with the Appeals Council, however, review was denied on March 7, 2019.  Tr. 7-12.  This appeal followed.

## II.    STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record.  42 U.S.C. § 405(g); Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted).  In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions."  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

" 'When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ.' "  Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting Batson, 359 F.3d at 1196); see also Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) ("If the

---

[2] The dates listed above are from the ALJ's decision.  See Transcript ("Tr.") 27, 29, 38.  The Court notes, however, that Plaintiff's SSI application lists January 23, 2015, as the application date and December 4, 2004, as the alleged disability onset date.  See Tr. 267-68.  Because the Court is reviewing the final decision of the Commissioner, it adopts the dates used by the ALJ.

[3] A certified copy of the Administrative Record was filed on September 24, 2019.  Electronic Case Filing Number ("ECF No.") 16.  Citations will be made to the Administrative Record or Transcript page number rather than the ECF page number.

ALJ's credibility finding is supported by substantial evidence in the record, [the Court] may not engage in second-guessing.") (citation omitted). A reviewing court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). Finally, a court may not reverse an ALJ's decision if the error is harmless. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

## III. DISCUSSION

### A. Establishing Disability Under The Act

To establish whether a claimant is disabled under the Act, it must be shown that:

> (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and

> (b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). "If a claimant meets both requirements, he or she is 'disabled.'" Id.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step

in the sequence, there is no need to consider subsequent steps." <u>Tackett</u>, 180 F.3d at 1098; 20 C.F.R. § 416.920. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. <u>Tackett</u>, 180 F.3d at 1098.

The five steps are:

Step 1. Is the claimant presently working in a substantially gainful activity [("SGA")]? If so, then the claimant is "not disabled" within the meaning of the [] Act and is not entitled to [SSI]. If the claimant is not working in a [SGA], then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. <u>See</u> 20 C.F.R. § 404.1520(b).[4]

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to [SSI]. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. <u>See</u> 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to [SSI]. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. <u>See</u> 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to [SSI]. If the claimant cannot do any work he or she did in

---

[4] The Court has also considered the parallel regulations set forth in 20 C.F.R. § 416.920 <u>et</u> <u>seq.</u>, when analyzing the ALJ's denial of Plaintiff's SSI application.

the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. See 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to [SSI]. See 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to [SSI]. See 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to [SSI]. See id.

Id. at 1098-99.

**B.    Summary Of ALJ's Findings**

The ALJ found at step one, that "[Plaintiff] has not engaged in [SGA] since January 31, 2015, the application date (20 CFR 416.971 et seq.)." Tr. 29. At step two, the ALJ found that "[Plaintiff] has the following severe impairments: diabetes mellitus, type II; renal disease; peripheral neuropathy; obesity; mental impairments varyingly diagnosed as anxiety disorder, adjustment disorder with mixed emotional features, and major depressive disorder (20 CFR 416.920(c))." Id. At step three, the ALJ found that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)." Tr. 30.

In preparation for step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except he can sit for up to six hours in an eight-hour workday, with normal breaks, but requires the freedom to make posture adjustments at the workstation. He can stand and/or walk for up to six hours in an eight-hour workday, with normal breaks, but would be most successful in an occupation where he would have the freedom to alternate between sitting and standing and/or walking without being off-task. He requires the freedom to elevate his feet slightly above the floor when seated, both during breaks and for five minutes before the first break and five minutes after lunch. He can occasionally climb stairs and ramps, but never climb ladders or scaffolds. He can occasionally balance, stoop, crouch, kneel, and crawl. He should avoid exposure to unprotected heights, heavy vibrations, and extreme temperatures. He would be best suited for an occupation without high production quotas, and not in a fast-paced work environment. He is limited to frequent handling and fingering bilaterally.

Tr. 32-33. The ALJ then found, at step four, that "[Plaintiff] has no past relevant work [("PRW")] (20 CFR 416.965)." Tr. 37.

In preparation for step five, the ALJ noted that "[Plaintiff] was born on September 19, 1984[,] and was 30 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963)." Id. The ALJ observed that "[Plaintiff] has at least a high school education and is able to communicate in English (20 CFR 416.964)." Id. The ALJ then added that "[t]ransferability of job skills is not an issue because [Plaintiff] does not have [PRW] (20 CFR 416.968)." Id.

/ / /

At step five, the ALJ found that "[c]onsidering [Plaintiff's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 416.969 and 416.969(a))." Id. Specifically, the ALJ found that Plaintiff could perform the "[l]ight" occupations of "Sub-assembler" as defined in the Dictionary of Occupational Titles ("DOT") at DOT 729.684-054, "Hand packer" at DOT 559.687-074, and "Ticket taker" at DOT 344.677-010. Tr. 38. The ALJ based her decision that Plaintiff could perform the aforementioned occupation "on the testimony of the [VE]" from the administrative hearing, after "determin[ing] that the [VE's] testimony [wa]s consistent with the information contained in the [DOT]." Id.

After finding that "[Plaintiff] is capable of making a successful adjustment to other work that exists in significant numbers in the national economy," the ALJ concluded that "[a] finding of not disabled is . . . appropriate under the framework of the above-cited rule." Id. (internal quotation marks omitted). The ALJ, therefore, found that "[Plaintiff] has not been under a disability, as defined in the . . . Act, since January 31, 2015, the date the application as filed (20 CFR 416.920(g))" through March 28, 2018, the date of her decision. Id.

**C.** **Issues Presented**

In this appeal, Plaintiff raises two issues, whether the ALJ (1) "satisfied the Commissioner's burden at step five of the sequential evaluation" process, and (2) properly considered Plaintiff's testimony. ECF No. 22, Joint Stip. at 4-5. The Court finds that the second issue is dispositive and addresses it below.

**D.** **Court's Consideration Of Second Issue**

    **1.** **Parties' Arguments**

Plaintiff argues that "the ALJ did not provide any legally sufficient reasons for rejecting [his] testimony." Id. at 26. Plaintiff argues that the ALJ provided a "boilerplate introduction" and then failed to "provide[] specific, clear, and convincing reasons for his credibility determination beyond the boilerplate." Tr.

20. Plaintiff also argues that "the record is fully developed," is "free from conflicts and ambiguities, . . . [that] all essential factual issues have been resolved" and, that "when posed with a hypothetical [question] that summarized [Plaintiff's rejected] testimony[,] the [VE] testified that such an individual would not be able to work." Id. at 26 (citing Tr. 60) (citations and internal quotation marks omitted). Plaintiff argues that, "[t]herefore, this Court "should credit [Plaintiff's] testimony and award the payment of benefits" here. Id.

Defendant responds that "[t]he ALJ properly found that Plaintiff's subjective symptom testimony was not fully supported by the record, and Plaintiff's disagreement with the ALJ is not evidence of error." Id. at 27. Defendant adds that "[a]s the ALJ also considered, the medical evidence was generally unremarkable." Id. at 28. Specifically, Defendant argues that although "Plaintiff contends that the ALJ did not rely on Plaintiff's daily activities[,]" "the ALJ specifically discussed Plaintiff's daily activities and noted that she found Plaintiff's testimony 'not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.'" Id. at 31 (quoting Tr. 35) (emphasis added by Defendant). Defendant "requests that this Court affirm the Commissioner's decision because it is supported by substantial evidence and [is] free from legal error" and argues that that if the Court disagrees, "the only appropriate remedy would be remand to the [A]gency for further administrative development" because "[t]he record in this case contains conflicting evidence as to whether Plaintiff is disabled, making a judicial determination of disability inappropriate" here. Id. at 36-37.

### 2. ALJ's Consideration Of Plaintiff's Statements

The ALJ found that:

> After careful consideration of the evidence, . . . [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements

8

concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

As for [Plaintiff's] statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because there is minimal evidence of the swelling that he testified prevents him from standing and sitting for extended periods. There is minimal evidence of numbness and during the consultative examination [Plaintiff] exhibited full intact sensitivity. There is no evidence supporting a lifting limit of only five to ten pounds, and on examination [Plaintiff] exhibited normal grip strength, normal motor strength, and a full range of motion throughout. The memory and attention deficits that he reported were not observed during his psychiatric consultative examination.

Tr. 35 (citing Tr. 507-08).

The ALJ also noted that with regard to Plaintiff's "testimony about his need to elevate his feet to alleviate swelling and numbness, although not clearly supported by the medical evidence of record, [it] is given the benefit of the doubt and supports the [RFC] finding that he requires the freedom to [periodically] elevate his feet slightly above the floor . . . ." Tr. 37.

### 3.    Standard To Review Plaintiff's Pain Related Claims

When a claimant has medically documented impairments that "might reasonably produce the symptoms or pain alleged and there is no evidence of malingering, the ALJ must give 'specific, clear, and convincing reasons for rejecting' the testimony by identifying 'which testimony [the ALJ] found not credible' and explaining 'which evidence contradicted that testimony.'" <u>Laborin v. Berryhill</u>, 867 F.3d 1151, 1155 (9th Cir. 2017) (emphasis in original) (quoting <u>Brown-Hunter v. Colvin</u>, 806 F.3d 487, 489, 494 (9th Cir. 2015). "This is not an

easy requirement to meet: 'the clear and convincing standard is the most demanding required in Social Security cases.'" Garrison v. Colvin, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting Moore v. Comm'r Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)).

"The ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012). Also, while an ALJ cannot reject the severity of subjective complaints solely on the lack of objective evidence, the ALJ may nonetheless look to the medical record for inconsistencies. See Morgan v. Comm'r Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999) (finding that "[t]he ALJ provided clear and convincing reasons for rejecting [Plaintiff's] testimony" by "point[ing] to specific evidence in the record—including reports by [Plaintiff's doctors—in identifying what testimony was not credible and what evidence undermined [Plaintiff's] complaints.").

### 4.    ALJ's Decision Is Not Supported By Substantial Evidence

Here, as initial matter, the Court agrees with Plaintiff's argument that the ALJ's inclusion of the boilerplate language at the outset of his adverse credibility finding does not assist the Court with its analysis of the ALJ's finding. See Treichler v. Comm'r Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014) (finding that "[a]n ALJ's 'vague allegation' that a claimant's testimony is 'not consistent with the objective medical evidence,' without any 'specific findings in support' of that conclusion is insufficient for our review" and that this "language . . . in ALJ decisions adds nothing" to the Court's analysis of the ALJ's finding (internal citations omitted)).

The Court finds, however, that the mere inclusion of this boilerplate language was harmless and does not constitute reversible error. See Laborin v. Berryhill, 867 F.3d 1151, 1154-55 (9th Cir. 2017) (finding "that inclusion of [similar] flawed boilerplate language is not, by itself, reversible error and can be harmless. It

does not, however, add anything to the ALJ's determination of either the RFC or the claimant's credibility." (internal citation omitted)).

Turning to the reasons provided by the ALJ for rejecting Plaintiff's statements, the Court first examines the reasons provided by the ALJ for rejecting Plaintiff's statements regarding his physical limitations—that there was "minimal" or "no" evidence "swelling[,]" "numbness[,]" or Plaintiff's ability to lift "only five to ten pounds" in the record—and finds that this was not a clear and convincing reason supported by substantial evidence in the record for rejecting Plaintiff's testimony for two reasons.

First, Plaintiff provided a valid reason for there being minimal medical evidence in the record to corroborate his symptom statements—he could not afford more treatment—and the ALJ failed to consider or discuss this evidence. See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008) ("[A]lthough a conservative course of treatment can undermine allegations of debilitating pain, such [a] fact is not a proper basis for rejecting the claimant's credibility where the claimant has a good reason for not seeking more aggressive treatment."); see also Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007) ("[d]isability benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack of funds." (internal quotation marks omitted)).

Specifically, in August 2014, Plaintiff stated that he was diagnosed in 2004 "with a particular form of neuropathy [called] nephropathy" that caused severe fluid retention and swelling in his legs and scrotum. Tr. 75-76. Plaintiff indicated that he was taking Prednisone to help alleviate the symptoms caused by his nephropathy, but because he did "not [have] enough [money] to pay for a doctor visit and medication" he had to discontinue use of Prednisone in 2008 and by 2010 he could also no longer even afford to see his doctor. Tr. 76-77. The ALJ did not consider or discuss this evidence.

/ / /

Moreover, treatment notes in Plaintiff's medical records, which the ALJ also did consider or discuss, corroborate Plaintiff's testimony. See Tr. 470, 473 ("Nephrotic syndrome exacerbation" diagnosed in March 2004); Tr. 472-73, 475-76, 480-81, 483-84, 486-87 (medical records from December 2004 through March 2005 noting swelling in Plaintiff's lower extremities and scrotum, anasarca of his lower extremities, increasing edema, and pedal edema); Tr. 490, 563 (Plaintiff's treating doctor noting in February 2015 that "in 12/2004 [Plaintiff] had retained 100lbs of fluid which lead to a hospitalization at St. Francis[,]" he "was placed on Prednisone 40mg until 2007 . . . [and] Cellcept which he took for only two months due to cost" and "was subsequently lost to follow [up appointments] due to insurance issues.").

Accordingly, because Plaintiff had a valid reason for the "minimal" medical evidence in his record to corroborate his symptom statements—he could not afford more treatment—and because notes in Plaintiff's medical records corroborate Plaintiff's testimony, the ALJ's rejection of Plaintiff's symptom statements due to the minimal evidence in the record to support Plaintiff's claims was not a clear and convincing reason to reject Plaintiff's symptom statements. See Carmickle, 533 F.3d at 1162; Orn, 495 F.3d at 638.

Second, as noted above, the ALJ failed to consider or discuss the aforementioned evidence that supports Plaintiff's statements and, instead, considered only evidence that supported rejecting Plaintiff's statements. See Holohan v. Massanari, 246 F.3d 1195, 1207-08 (9th Cir. 2001) (holding an ALJ cannot selectively rely on some entries in a plaintiff's records while ignoring others). Much of the evidence discussed above predates Plaintiff's January 31, 2015, SSI application date and is, therefore, relevant for purposes of corroborating Plaintiff's symptom statements only. However, the ALJ's finding that there was minimal or no evidence of swelling or numbness also ignores newer evidence in the record of these symptoms that post-date Plaintiff's SSI application and, therefore,

are from within the relevant time period.  See Carmickle, 533 F.3d at 1165 ("Medical opinions that predate the alleged onset of disability are of limited relevance." (citation omitted)); see also Tr. 491, 505, 518, 528, 544, 561, 569-71, 573, 576, 579-80 (Plaintiff's recent medical records from February 2015 through July 2017 noting "diabetic neuropathy," "neuropathy in both feet," "neuropathy of legs," polyneuropathy of arms and legs," "nephropathy," "occasional swelling," "fluid retention," "pain to [left] leg," pain in left groin to left hip, "whole l[ef]t leg numb," "groin pain," "high" levels of "microalbumin" and "hemoglobin" in Plaintiff's urine, right elbow pain lasting for two weeks, "blurred vision," and "dizziness, numbness in extremity") (capitalization normalized).

Accordingly, because the ALJ failed to consider or discuss the aforementioned evidence, the Court finds that the ALJ's rejection of Plaintiff's statements regarding his physical impairments was not supported by substantial evidence in the record.  See Holohan, 246 F.3d at 1207-08.  The fact that the ALJ gave Plaintiff "the benefit of the doubt" and included some allowance for Plaintiff to elevate his feet slightly off the floor in Plaintiff's RFC does not cure the ALJ's failure to consider the aforementioned evidence.  Tr. 37.  Rather, on the record before the Court, it appears that Plaintiff's limitations are greater than the ALJ accounted for in Plaintiff's RFC.  Thus, the Court REVERSES the ALJ's decision and finds that REMAND to the Administration is appropriate here.

However, because it is unclear on the record before the Court whether Plaintiff can perform substantial gainful employment in light of his impairments and the evidence discussed above, rather than remanding for an award of benefits as Plaintiff argues is appropriate here, the Court finds that remand for further proceedings is necessary in this case so that the ALJ may reassess Plaintiff's limitations in light of the above discussed evidence.

Because the Court remands as to this issue, it does not reach Plaintiff's remaining assignments of error.

## IV.    CONCLUSION

Because the Commissioner's decision is not supported by substantial evidence, IT IS HEREBY ORDERED that the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  See Garrison, 759 F.3d at 1009 (holding that under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing.") (citation and internal quotation marks omitted).

IT IS SO ORDERED.


DATED:  04/10/2020                          _____
                                            HONORABLE SHASHI H. KEWALRAMANI
                                            United States Magistrate Judge